# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

TARIQ K. SHABAZZ,

    Plaintiff,

v.                   Case No. 1:26-cv-01032

FRANK LaROSE, in his official capacity as

Ohio Secretary of State; and the

CUYAHOGA COUNTY BOARD OF ELECTIONS,

    Defendants.

FILED

JUN 15 2026

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Tariq K. Shabazz, proceeding pro se, files this First Amended Complaint as of right pursuant to Federal Rule of Civil Procedure 15(a)(1), or in the alternative pursuant to leave of Court under Rule 15(a)(2), to add the Cuyahoga County Board of Elections as a Defendant. The Board has now validated only 1,030 of Plaintiff's submitted signatures, declared his petition invalid, and scheduled a Board meeting for June 16, 2026 at which his candidacy will be removed from the ballot. The Board is the entity that administers the signature requirements challenged herein and that will execute the removal Plaintiff seeks to enjoin. Its joinder is necessary for complete relief.

## INTRODUCTION

Plaintiff Tariq K. Shabazz is an independent candidate for Cuyahoga County Executive in the November 3, 2026 general election. He is a Black American, a United States Navy veteran, a Master of Public Policy, and a current doctoral (PhD) student. He seeks to place his name on the general election ballot to offer Cuyahoga County voters a meaningful choice in an otherwise uncontested race.

Ohio law requires Plaintiff to collect 4,164 valid signatures of registered Cuyahoga County voters to qualify for the general election ballot as an independent candidate. Ohio Rev. Code §§ 3513.05, 3513.257. The major party candidate advancing to the general election — Chris Ronayne

— was required to collect only 50 signatures to appear on the primary ballot. Ohio Rev. Code § 3513.05. That is an 83-to-1 disparity in signature requirements between an independent candidate and a major party candidate for the identical office.

The disparity is not merely quantitative — it is structural. The 4,164 signatures required of Plaintiff are calculated as one percent of all votes cast in Cuyahoga County in the 2022 gubernatorial election — a standard derived from countywide electoral participation in a statewide race. The 50 signatures required of the major party candidate bear no relationship to that standard. They are a flat administrative filing threshold imposed uniformly on every major party county candidate regardless of the office's scope, significance, or population served. Ohio's signature regime holds independent candidates to a rigorous population-based standard while holding major party candidates to a purely administrative formality — for the same office, on the same ballot.

On May 11, 2026, the Cuyahoga County Board of Elections validated 1,030 of the 1,650 signatures Plaintiff submitted and declared his petition invalid for falling short of 4,164. The Board has demanded Plaintiff withdraw his candidacy by June 1, 2026, and has scheduled a Board meeting for June 16, 2026, at which his candidacy will be removed from the ballot. Plaintiff's 1,030 validated signatures represent more than twenty times the 50 signatures the State deemed sufficient for the major party candidate seeking the same office.

The office of Cuyahoga County Executive is one of only two elected county executive positions in Ohio. Eighty-six of Ohio's 88 counties operate under the traditional board of commissioners structure. Only Summit County (population approximately 538,400) and Cuyahoga County (population approximately 1,245,873) have adopted charter governments with an elected county executive. Ohio Rev. Code § 3513.257 is a generic percentage-based formula never specifically calibrated for the county executive office. Applied to Cuyahoga County, it produces a threshold more than twice as burdensome as the identical formula produces for the only other county executive race in the state — Summit County, where the independent threshold is 1,983 signatures.

The Democratic primary for Cuyahoga County Executive in 2026 produced no competitive contest. Chris Ronayne advances as the sole major party candidate, validated by nothing more than his 50-signature filing. The State's principal justification for heightened independent candidate burdens — competitive primary validation — is entirely absent. Excluding Plaintiff leaves approximately 1,245,873 Cuyahoga County residents no meaningful choice for their highest county executive office.

Plaintiff brings this action under 42 U.S.C. § 1983 challenging Ohio's ballot access signature requirements as applied to independent candidates for Cuyahoga County Executive as an unconstitutional burden on his First and Fourteenth Amendment rights.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the United States Constitution and 42 U.S.C. § 1983.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and all events giving rise to this action occurred in this district.

3. The relief Plaintiff seeks is prospective. Plaintiff does not ask this Court to undo any past event or to alter the result of any completed election. Plaintiff seeks only to be placed on the ballot for the November 3, 2026 general election — an election that has not yet occurred — and to enjoin Defendants from excluding him from that future ballot. Because the relief sought is prospective injunctive relief against state officials to remedy an ongoing and future deprivation of federal constitutional rights, this action falls within the exception to Eleventh Amendment immunity recognized in Ex parte Young, 209 U.S. 123 (1908). The Eleventh Amendment poses no bar to this action.

## PARTIES

4. Plaintiff Tariq K. Shabazz is a resident of Cuyahoga County, Ohio, a registered voter, and an independent candidate for Cuyahoga County Executive in the November 3, 2026 general election.

5. Defendant Frank LaRose is the Ohio Secretary of State, sued in his official capacity. As Ohio's chief elections officer, he is responsible for administering and enforcing Ohio's election laws, including the ballot access signature requirements at issue, and exercises supervisory authority over the county boards of elections pursuant to Ohio Rev. Code Chapter 3501, including the power to issue directives governing their conduct.

6. Defendant Cuyahoga County Board of Elections is the local election authority responsible for receiving, verifying, and certifying nominating petitions for Cuyahoga County offices, including County Executive. The Board operates under the supervisory authority of the Secretary of State. The Board validated 1,030 of Plaintiff's signatures, declared his petition invalid, and has scheduled a meeting for June 16, 2026 at which it will remove Plaintiff's candidacy from the ballot. The Board is the entity that will execute the ballot removal Plaintiff seeks to enjoin and that will place and retain Plaintiff's name on the ballot if relief is granted.

## FACTUAL ALLEGATIONS

### A. The Board's Invalidation of Plaintiff's Petition

7. Plaintiff timely submitted his nominating petition to the Cuyahoga County Board of Elections, containing 1,650 signatures of Cuyahoga County voters.

8. On May 11, 2026, the Board notified Plaintiff in writing that it had validated 1,030 of those signatures and declared the petition invalid for falling short of the 4,164 signature threshold under Ohio Rev. Code §§ 3513.05 and 3513.257. The Board's correspondence is attached as Exhibit A.

9. The Board demanded that Plaintiff withdraw his candidacy by June 1, 2026, and stated that absent withdrawal, his candidacy would be submitted to the Board for removal from the ballot at a meeting scheduled for June 16, 2026, at 9:30 a.m. On May 15, 2026, Plaintiff responded in writing declining to withdraw his candidacy and notifying the Board that the matter is the subject of pending litigation in this Court, Case No. 1:26-cv-01032.

10. Absent emergency relief from this Court, the Cuyahoga County Board of Elections will vote to remove Plaintiff from the November 3, 2026 general election ballot at its meeting on June 16, 2026, at 9:30 a.m. Once that vote occurs and the ballot is finalized, Plaintiff's exclusion becomes irreversible: no subsequent remedy can restore his opportunity to appear on the November 3, 2026 ballot. The June 16, 2026 Board meeting is therefore a fixed and imminent deadline that defines the irreparable injury for which Plaintiff seeks a temporary restraining order and preliminary injunction.

11. Plaintiff's 1,030 validated signatures of registered Cuyahoga County voters represent more than twenty times the 50 signatures the State required of the major party candidate, Chris Ronayne, to access the same ballot for the same office.

## B. The Unique Structural Character of the Office

12. Ohio has 88 counties. Eighty-six operate under the traditional three-member board of commissioners structure. Ohio Rev. Code § 305.01. Only Summit County (population approximately 538,400) and Cuyahoga County (population approximately 1,245,873) have adopted charter governments with an elected county executive.

13. Ohio Rev. Code § 3513.257 is a generic percentage-based formula applicable to county offices statewide, not specifically calibrated for the county executive office. Applied to the only two county executive races in Ohio, it produces a threshold of 1,983 signatures in Summit County and 4,164 in Cuyahoga County — more than twice as burdensome — based solely on the difference in gubernatorial turnout. The major party threshold in both counties is 50 signatures, producing ratios of approximately 40-to-1 in Summit County and 83-to-1 in Cuyahoga County for the identical office under the identical statute.

## C. Incomparable Standards for Independent and Major Party Candidates

14. Ohio Rev. Code § 3513.05 requires major party candidates for county offices to collect a minimum of 50 signatures — a flat threshold applied uniformly regardless of the office's scope or the population served.

15. The independent threshold under R.C. 3513.257 is calculated as one percent of countywide gubernatorial turnout — a population-derived standard. The 50-signature major party threshold bears no relationship to that standard. The State thus holds independent and major party candidates to fundamentally incomparable standards for the same office: a rigorous population-based threshold for one, a flat administrative formality for the other.

### D. The State's Justification Fails as Applied

16. Courts have sustained Ohio's independent candidate signature requirements on the rationale that major party candidates earn ballot access through competitive primaries that validate public support. Jolivette v. Husted, 694 F.3d 760, 771 (6th Cir. 2012). That rationale assumed the existence of a competitive primary providing genuine democratic validation.

17. The 2026 Democratic primary for Cuyahoga County Executive produced no competitive contest. Chris Ronayne advanced as the sole major party candidate, validated by nothing more than his 50-signature filing. The competitive primary validation rationale did not occur in this race.

18. Plaintiff is the only independent candidate for this office; no interest in avoiding ballot crowding or voter confusion arises. Excluding Plaintiff leaves approximately 1,245,873 Cuyahoga County residents with no meaningful choice for their highest county executive office.

### E. The Burden Imposed by Ohio's Signature-Collection Requirements

19. Ohio law permits no electronic or remote collection of nominating-petition signatures. Every signature must be made in ink or indelible pencil. Ohio Rev. Code § 3513.261.

20. Every signature must be personally witnessed by the petition circulator, who must sign a statement, under penalty of election falsification, attesting that the circulator witnessed the affixing of every signature. Ohio Rev. Code § 3501.38(E)(1).

21. Each separate petition paper may be circulated by only one person. Ohio Rev. Code § 3513.05. The signature-collection process is thus entirely in-person, paper-based, and personally witnessed.

22. An independent candidate must file the nominating petition no later than the day before the primary election. Ohio Rev. Code § 3513.257. Because Ohio's 2026 primary was held in early May, the lawful period for an independent candidate to collect signatures fell across the late-fall, winter, and early-spring months preceding the primary.

23. According to the National Weather Service's official 1991–2020 climate normals for Cleveland, Ohio, the months of December through March average approximately 29 to 39 degrees Fahrenheit, and Cleveland receives normal annual snowfall of 63.8 inches, the substantial majority of which falls during this period. The in-person, ink-on-paper signature collection that Ohio law requires of independent candidates for Cuyahoga County Executive must therefore be conducted, in substantial part, under winter conditions.

24. The formula of Ohio Rev. Code § 3513.257 produces materially different signature thresholds for the identical office of county executive depending solely on county turnout. For Summit County — the only other Ohio county with an elected county executive — the independent-candidate threshold for the 2026 cycle is 1,983 signatures, derived from 198,341 votes cast in the 2022 gubernatorial election. For Cuyahoga County the same formula produces 4,164 signatures. The major-party threshold in both counties is the flat 50-signature filing under Ohio Rev. Code § 3513.05. The independent-to-major-party ratio is thus approximately 40-to-1 in Summit County and 83-to-1 in Cuyahoga County for the same office under the same statute.

25. Ohio's own election code sets flat, modest signature floors for numerous offices — for example, a 50-signature floor for certain municipal court offices — demonstrating that the General Assembly knows how to impose fixed, low thresholds and has done so for many offices, while subjecting the independent candidate for county executive to a percentage formula that produces thousands of required signatures.

## CLAIM FOR RELIEF

*COUNT I — 42 U.S.C. § 1983: Violation of the First and Fourteenth Amendments*

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. 42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who deprive a plaintiff of rights secured by the Constitution and laws of the United States.

28. The First and Fourteenth Amendments protect the right of candidates and voters to associate for the advancement of political beliefs and the right of qualified voters to have their votes given effect. Williams v. Rhodes, 393 U.S. 23 (1968); Anderson v. Celebrezze, 460 U.S. 780 (1983).

29. Under the Anderson-Burdick framework, the Court weighs the character and magnitude of the burden against the precise interests the State offers to justify it; where the burden is severe, the regulation must be narrowly tailored to a compelling interest. Anderson, 460 U.S. at 789; Burdick v. Takushi, 504 U.S. 428, 434 (1992).

30. The 83-to-1 disparity between the independent threshold (4,164) and the major party threshold (50) for the identical office — derived from incomparable standards, imposed in a race with no competitive primary, produced by a generic statute never calibrated for this structurally unique office, and resulting in an uncontested general election for approximately 1,245,873 residents — constitutes a severe and unjustified burden on Plaintiff's First and Fourteenth Amendment rights.

31. A state may require only a modicum of support before granting ballot access. American Party of Texas v. White, 415 U.S. 767, 782 (1974). Plaintiff's 1,030 validated signatures — more than twenty times the major party threshold — satisfy any legitimate modicum-of-support interest. The State cannot treat 50 signatures as adequate for the major party candidate while treating 1,030 as inadequate for Plaintiff seeking the identical office.

32. Ohio's application of Ohio Rev. Code §§ 3513.05 and 3513.257 to impose an 83-to-1 signature disparity on Plaintiff as an independent candidate for Cuyahoga County Executive violates the First and Fourteenth Amendments, as enforced through 42 U.S.C. § 1983.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a temporary restraining order and preliminary injunction enjoining Defendants from removing Plaintiff from the November 3, 2026 general election ballot and directing Defendants to place and retain Plaintiff's name on that ballot as an independent candidate for Cuyahoga County Executive;

2.   Declare that Ohio Rev. Code §§ 3513.05 and 3513.257, as applied to independent candidates for Cuyahoga County Executive in the 2026 election cycle, violate the First and Fourteenth Amendments to the United States Constitution; and

3.   Award Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Tariq K. Shabazz

Pro Se Plaintiff

5455 N. Marginal Road, Apartment 509

Cleveland, Ohio 44114

Dated: June 15 , 2026