FILED

JUN 17 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TARIQ K. SHABAZZ,

    Plaintiff,

v.                Case No. 1:26-cv-01032-BMB

FRANK LaROSE, in his official capacity as

Ohio Secretary of State; and the

CUYAHOGA COUNTY BOARD OF ELECTIONS,

    Defendants.

## PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S ORDER

Plaintiff Tariq K. Shabazz, proceeding pro se, respectfully moves the Court for clarification and, to the extent necessary, reconsideration of its Order. Plaintiff respectfully submits that the operative pleading and the pending emergency motion already address the matters the Order identified, and Plaintiff writes to direct the Court to the specific allegations in the record and to request clarification of what further showing, if any, the Court requires.

## I.  STANDARD

A court may clarify or reconsider an interlocutory order at any time before final judgment. As a pro se litigant, Plaintiff's filings are entitled to liberal construction and are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Plaintiff respectfully requests that the Court construe his First Amended Complaint and pending motion in light of that standard.

## II.  THE DATE PLAINTIFF RECEIVED THE BOARD'S NOTICE IS PLEADED IN THE RECORD.

The Order indicates that Plaintiff did not identify when he received the Board of Elections' notice that his petition was found insufficient. Plaintiff respectfully directs the Court to Paragraph 8 of the First Amended Complaint, which alleges: "On May 11, 2026, the Board notified

Plaintiff in writing that it had validated 1,030 of those signatures and declared the petition invalid for falling short of the 4,164 signature threshold." The same date is alleged in the body of the First Amended Complaint describing the Board's determination, and Paragraph 9 further alleges that the Board set a removal deadline of June 16, 2026, and that Plaintiff responded in writing on May 15, 2026, declining to withdraw. The date of receipt is therefore squarely in the record.

To the extent the Court's concern arises from the absence of the documentary exhibit, Plaintiff acknowledges that Exhibit A — the Board's May 11, 2026 written notice — was inadvertently omitted from the original filing. Plaintiff is contemporaneously filing that exhibit, which states the May 11, 2026 date on its face, to complete the record. Plaintiff respectfully submits that this omission was a clerical oversight by a pro se litigant and does not undermine the substance of the allegations, which were pleaded in the operative complaint.

## III.  PLAINTIFF'S PROSPECTIVE-RELIEF ALLEGATION ADDRESSES THE ELEVENTH AMENDMENT.

The Order notes that adding the Cuyahoga County Board of Elections as a Defendant does not, by itself, fully resolve the Eleventh Amendment question as to Secretary LaRose. Plaintiff respectfully agrees that the addition of the Board is not the sole basis on which the Eleventh Amendment issue is addressed, and directs the Court to Paragraph 3 of the First Amended Complaint, which independently pleads that the relief sought is prospective: Plaintiff "does not ask this Court to undo any past event or to alter the result of any completed election," but seeks only "to be placed on the ballot for the November 3, 2026 general election — an election that has not yet occurred." Because the relief sought is prospective injunctive relief against a state official to remedy an ongoing and future deprivation of federal constitutional rights, the action falls within the exception to Eleventh Amendment immunity recognized in Ex parte Young, 209 U.S. 123 (1908).

Plaintiff respectfully requests that the Court clarify what additional showing, if any, it requires on this point, so that Plaintiff, as a pro se litigant, may address it directly.

## IV.  IRREPARABLE HARM AND THE CHANGED POSTURE.

The Order indicates that Plaintiff's showing of irreparable harm from exclusion from the general election was not, standing alone, sufficient for immediate injunctive relief at the time of the Order. Plaintiff respectfully notes that the circumstances have now changed: the June 16, 2026 Board meeting has occurred, and the threatened removal is no longer prospective but actual. The injury Plaintiff identified is now concrete and ongoing. Plaintiff respectfully requests that the Court consider this changed posture in evaluating the pending motion, and clarify whether it wishes Plaintiff to supplement the record to reflect the Board's action.

## V.  RELIEF REQUESTED

Plaintiff respectfully requests that the Court: (1) clarify the specific deficiencies, if any, that remain as to the matters above, so that Plaintiff may address them; (2) accept the contemporaneously filed Exhibit A completing the record; (3) construe Plaintiff's pro se filings liberally under Haines v. Kerner; and (4) reconsider its determination on immediate injunctive relief in light of the allegations identified herein and the changed posture following the June 16, 2026 Board action. Plaintiff's three pending motions remain before the Court, and Plaintiff respectfully requests their resolution.

Respectfully submitted,

Tariq K. Shabazz

Pro Se Plaintiff

5455 N. Marginal Road, Apartment 509

Cleveland, Ohio 44114

Dated: JUNE 17, 2026