IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

TARIQ K. SHABAZZ,

    Plaintiff,

v.                 Case No. 1:26-cv-01032-BMB

FRANK LaROSE, in his official capacity as

Ohio Secretary of State; and the

CUYAHOGA COUNTY BOARD OF ELECTIONS,

    Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBIT B UNDER SEAL

Plaintiff Tariq K. Shabazz, proceeding pro se, respectfully moves the Court for leave to file Exhibit B — the nominating petition papers submitted in support of his candidacy — under seal, and to file a redacted version on the public docket. In support, Plaintiff states as follows:

### I. BACKGROUND

1. Exhibit B consists of the part-petitions Plaintiff submitted to the Cuyahoga County Board of Elections in support of his candidacy for Cuyahoga County Executive. These documents are relevant to this action because they substantiate the number of signatures Plaintiff collected, including the 1,030 signatures the Board validated.

2. The petition papers contain the original handwritten signatures of registered voters, together with their printed names, home addresses, and dates of signing. The individuals who signed are not parties to this action and did not consent to the public dissemination of their personal information.

### II. GROUNDS FOR SEALING AND REDACTION

3. There is a presumption of public access to judicial records, but that presumption may be overcome where a party demonstrates a compelling reason that outweighs the public interest in access, and where the request is narrowly tailored.

4. A compelling reason exists here. Exhibit B contains the personal identifying information of numerous non-party registered voters — their signatures, home addresses, and printed names. Federal Rule of Civil Procedure 5.2 reflects the federal courts' policy of protecting personal identifying information contained in documents filed with the court. Publicly posting the original signatures and home addresses of hundreds of private citizens would expose them to potential privacy harm, including the risk of identity misuse, and would do so without their consent.

5. The request is narrowly tailored. Plaintiff does not seek to withhold Exhibit B from the Court or from the Defendants. Plaintiff will provide a complete, unredacted copy of Exhibit B to the Court under seal and to the Defendants, so that the Court and the Board of Elections may review and verify the signatures in full. Plaintiff seeks only to shield the voters' personal information from the public docket. To that end, Plaintiff will file a redacted version of Exhibit B for the public record, redacting the voters' signatures, home addresses, and other personal identifiers while leaving intact the information necessary to convey the nature and volume of the petitions.

6. Sealing the unredacted Exhibit B will not prejudice any party. The Defendants, including the Board of Elections that originally received and reviewed the petitions, already possess this information. Only the public's access to non-parties' private data is affected, and the interest in protecting that data is compelling.

## III. RELIEF REQUESTED

7. Plaintiff respectfully requests that the Court enter an order: (a) granting leave to file the unredacted Exhibit B under seal, accessible to the Court and the parties; (b) permitting Plaintiff to file a redacted version of Exhibit B on the public docket; and (c) granting such other relief as the Court deems just and proper.

8. Plaintiff, as a pro se litigant, respectfully requests that the Court advise if its local procedures require the sealed exhibit to be submitted in a particular manner, and Plaintiff will comply.

Respectfully submitted,

Tariq K. Shabazz

Pro Se Plaintiff

5455 N. Marginal Road, Apartment 509

Cleveland, Ohio 44114

Dated: \_\_17 JUN\_\_, 2026