## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| TARIQ K. SHABAZZ, | ) | CASE NO.: 1:26-cv-1032 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | JUDGE: BRIDGET MEEHAN BRENNAN |
|  | ) |  |
| FRANK LaROSE, et al.., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |
|  | ) |  |

**RESPONSE OF DEFENDANT CUYAHOGA COUNTY BOARD OF ELECTIONS
TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**

Through the special appearance of counsel and without waiving service or any other affirmative defenses, the Defendant Cuyahoga County Board of Elections ("CCBOE") submits this response in accordance with the Court's order to respond to the Plaintiff's motion for a preliminary injunction on or before June 29, 2026.

The CCBOE is merely a marginal party to this matter through the performance of its duties in accordance with Section 3501.11(K)(1) of the Ohio Revised Code.   Under R.C. 3501.06(A), the CCBOE "consist[s] of four qualified electors of the county, who shall be appointed by the secretary of state, as the secretary's representatives."  As such, the CCBOE is entitled to the same Eleventh Amendment immunity from this suit as the Ohio Secretary of State. See, *Beiersdorfer v. LaRose*, 397 F. Supp.3d 1037, 1053 (N.D. Ohio 2019) (Pearson, J), aff'd, No. 20-3557, 2021 U.S. App. LEXIS 24988, 2021 WL 3702211 (6th Cir. 2021).  See also, *Hunter v. Hamilton Cnty. Bd. of Elections*, 850 F. Supp.2d 795 (S.D. Ohio 2012).

1

Accordingly, the CCBOE adopts and incorporates herein the arguments asserted in Defendant Frank LaRose's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Opposition to Preliminary Injunction.  The decision rendered in the Plaintiff's prior action, *Shabazz v. LaRose*, No. 1:24-cv-604, 2024 U.S. Dist. LEXIS 132895 (N.D.Ohio July 29, 2024), is dispositive.  Accordingly, there is no likelihood of Plaintiff succeeding on the merits and Plaintiff will not incur any harm.  Conversely, an injunction would subject third parties, including the electorate, to substantial harm, and damage the public interest in maintaining stable and consistent election laws.

Thus, the Court should deny the Plaintiff's request for a preliminary injunction and dismiss this matter instead.

Respectfully submitted,

MICHAEL C. O'MALLEY,
Prosecuting Attorney of Cuyahoga County, Ohio

By:  s/Mark R. Musson
MARK R. MUSSON (0081110)
Assistant County Prosecuting Attorney
Cuyahoga County Prosecutor's office
The Justice Center, Courts Tower
1200 Ontario Street, 8th Floor
Cleveland, OH  44113
mmusson@prosecutor.cuyahogacounty.us
Phone: (216) 443-7800  Fax: (216) 443-7602

Attorneys for Defendant Cuyahoga County
Board of Elections

CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a copy of the foregoing response was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing. I further certify that on the date of its filing I served a copy of the foregoing through regular US Mail on:

Tariq K. Shabazz
5455 N. Marginal Road Apartment 509
Cleveland, OH 44114

Plaintiff

s/Mark R. Musson
Mark Musson
Attorney for Defendant Cuyahoga County
Board of Elections