IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

JUL 17 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

TARIQ K. SHABAZZ,

   Plaintiff,

v.                              Case No. 1:26-cv-01032-BMB

FRANK LaROSE, in his official capacity,

et al.,

   Defendants.


## PLAINTIFF'S MOTION FOR EXPEDITED RULING ON PENDING MOTIONS


Plaintiff Tariq K. Shabazz, proceeding pro se, respectfully moves the Court for an expedited ruling on the motions now pending and fully briefed. Plaintiff does not seek reconsideration, does not renew any request, and does not reargue any matter already submitted. He writes solely to bring to the Court's attention a fixed statutory deadline after which the relief he seeks will, as a practical matter, become unavailable.

1.    The following motions are pending and fully briefed: Plaintiff's motion for a temporary restraining order and preliminary injunction; Plaintiff's motion for reconsideration and clarification; and Defendant LaRose's motion to dismiss the First Amended Complaint. Briefing closed upon the filing of Defendants' responses on June 29, 2026 and Plaintiff's combined opposition and reply.

2.    Under 52 U.S.C. § 20302(a)(8) and Ohio Rev. Code § 3511.04, absentee ballots for uniformed-services and overseas voters must be ready for transmission not later than forty-six days before a federal general election. For the November 3, 2026 general election, that date is September 18, 2026. The Ohio Secretary of State's 2026 Elections Calendar identifies September 18, 2026 as the UOCAVA 46-day deadline.

3.    The ballot must therefore be finalized and printed in advance of September 18, 2026. Once ballots are printed and transmitted to military and overseas voters, Plaintiff's requested relief—placement of his name on the November 3, 2026 general election ballot—cannot be granted without disrupting an election already underway, and Defendants may be expected to argue that the matter has become moot.

4. Plaintiff respectfully submits that the passage of that deadline without a ruling would resolve this action by operation of the calendar rather than by adjudication of the constitutional question presented. Election cases are routinely recognized as "capable of repetition, yet evading review" precisely because election timelines outrun ordinary litigation. Plaintiff seeks only to avoid that outcome here, where the motions have been fully briefed and submitted well in advance of the operative date.

5. The delay also inflicts ongoing First Amendment injury independent of the ballot-printing deadline. While his candidacy remains in an unresolved posture, Plaintiff cannot associate, organize, or campaign as a candidate whose status the public recognizes as settled. Supporters, volunteers, and prospective contributors cannot know whether the campaign they would join will appear on the ballot. That uncertainty burdens the associational rights of Plaintiff and of the Cuyahoga County voters who would support his candidacy, and it compounds with each week the question remains unresolved.

6. Plaintiff is mindful of the Court's docket and does not presume to direct its priorities. He notes only that a ruling issued in advance of September 18, 2026 would permit the Court to grant or deny relief on the merits, while a ruling issued after that date may be limited by circumstances outside the parties' control. Conversely, no party is prejudiced by an earlier ruling: the issues are fully briefed, and Defendants have had a full opportunity to be heard.

WHEREFORE, Plaintiff respectfully requests that the Court issue a ruling on the pending motions at its earliest convenience, and in any event in advance of September 18, 2026, so that the constitutional question presented may be decided on its merits rather than mooted by the ballot-printing calendar.

Respectfully submitted,

Tariq K. Shabazz

Pro Se Plaintiff

5455 N. Marginal Road, Apartment 509

Cleveland, Ohio 44114

Dated: _____, 2026