IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TARIQ K. SHABAZZ,

Plaintiff,

v. Case No. 1:26-cv-01032-BMB

FRANK LaROSE, in his official capacity,

et al.,

Defendants.

FILED
SEP 25 2026
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO CLEVELAND

**PLAINTIFF'S NOTICE OF SUPERVENING EVENTS AND RENEWED REQUEST FOR IMMEDIATE RULING ON PENDING MOTIONS**

Plaintiff Tariq K. Shabazz, proceeding pro se, respectfully notifies the Court of supervening events that have occurred while the fully-briefed motions in this action have remained pending, and renews his request that the Court rule on those motions without further delay.

1. The following motions have been fully briefed and pending before this Court for approximately two months: Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 8); Defendant LaRose's motion to dismiss the First Amended Complaint (Doc. 13); Plaintiff's combined opposition and reply (Doc. 15); and Plaintiff's motion for expedited ruling (Doc. 16). Briefing closed upon the filing of Defendant's reply (Doc. 17) on July 23, 2026—months before the events described below. Since that date, the matter has been ripe for decision and has required no further submission from any party.

2. In his motion for expedited ruling (Doc. 16), Plaintiff informed the Court, in writing and on the record, that the ballot for the November 3, 2026 general election would be certified in advance of the statutory deadlines, and that certification would occur before the relief he seeks could be afforded absent a timely ruling.

3. That deadline has now passed. The Cuyahoga County Board of Elections certified the candidates for the November 3, 2026 general election ballot on or about August 17, 2026. The injury Plaintiff identified has thus begun to accrue: as matters presently stand, the office of Cuyahoga County Executive is set to appear on the ballot bearing a single candidate's name. This

Court retains authority to afford prospective relief, and the ongoing and imminent character of the injury makes a prompt ruling all the more pressing.

4. The consequences of the delay have compounded further. As a direct result of Plaintiff's removal and his refusal to withdraw his candidacy—a candidacy he has preserved in order to maintain the constitutional challenge now before this Court—the operation of Ohio Rev. Code § 3513.052 has barred Plaintiff from appearing on the 2026 general-election ballot for any office at this election. When Plaintiff sought to preserve a path forward by filing as a write-in candidate for the same office, that filing was denied. Another nonpartisan candidate who filed a write-in declaration for the same office was accepted; Plaintiff's was not, on the basis of his removed-but-not-withdrawn candidacy.

5. The result is that, while this Court's ruling on the fully-briefed motions has been awaited, the State's statutory machinery has continued to operate against Plaintiff at every turn—first through his removal as an independent, and then through the denial of his write-in candidacy under Ohio Rev. Code § 3513.052. Each additional consequence has accrued during the period of delay, compounding the injury Plaintiff has sustained while his constitutional claims remain undecided.

6. Plaintiff respectfully submits that these developments make a prompt ruling more, not less, necessary. The passage of the certification deadline without a decision does not resolve the constitutional questions presented; it underscores their gravity and the concrete, continuing injury Plaintiff sustains while they remain undecided. Election-related claims of this kind are recognized as "capable of repetition, yet evading review," precisely because the electoral calendar so often outruns the pace of adjudication.

7. Plaintiff has, at every stage, acted with diligence and placed the Court on notice of the operative deadlines. He respectfully renews his request that the Court rule on the pending, fully-briefed motions at the earliest possible time, so that the constitutional questions presented may be decided on their merits. The motions have been fully briefed and ripe since July 23, 2026, and the certification deadline Plaintiff expressly identified has since come and gone without a ruling.

WHEREFORE, Plaintiff respectfully requests that the Court issue a ruling on the pending, fully-briefed motions immediately.

Respectfully submitted,

Tariq K. Shabazz

Pro Se Plaintiff

5455 N. Marginal Road, Apartment 509

Cleveland, Ohio 44114

Dated: 25 SEP, 2026