UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARIQ K. SHABAZZ,<br><br>Plaintiff,<br><br>v.<br><br>FRANK LAROSE, in his official capacity as the Ohio Secretary of State, *et al.*<br><br>Defendants. | ) | CASE NO. 1:26-cv-01032-BMB<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is Defendant Frank LaRose's ("Defendant LaRose") Motion to Dismiss the First Amended Complaint. (Doc. 13). *Pro se* Plaintiff Tariq Shabazz ("Plaintiff") responded in opposition (Doc. 15), and Defendant LaRose replied. (Doc. 17.) For the reasons stated herein, the Motion is GRANTED. Also, as explained herein, Eleventh Amendment immunity bars Plaintiff's claim against Defendant Cuyahoga County Board of Elections ("BOE").

## I. BACKGROUND

Independent and partisan candidates seeking ballot access are subject to different requirements. In countywide elections, Ohio Revised Code § 3513.05 ("§ 3513.05") requires partisan candidates to collect at least 50 signatures from members of the candidate's party to be placed on the primary election ballot.[1] Ohio Revised Code § 3513.257 ("§ 3513.257") requires independent candidates to gather signatures totaling at least one percent of votes cast in the county during the most recent gubernatorial election, provided at least 5,000 votes were cast in

[1] This requirement is different for ward-elected municipal legislative candidates, who need only 25 signatures. § 3513.257.

the county. Partisan candidates must win their primary to advance to the general election ballot, while qualifying independent candidates skirt the primary election process.

Plaintiff brings his second challenge to the constitutionality of these statutes. *See Shabazz v. LaRose* (*Shabazz I*), No. 1:24-cv-604 (N.D. Ohio Apr. 12, 2024) (Doc. 1 at 1).

### A. The Previous Action

In 2024, Plaintiff sought to run as an independent candidate for United States Senate in that year's general election. (*Id.*). On April 2, 2024, Plaintiff filed suit against Ohio Secretary of State Frank LaRose in his official capacity alleging the signature requirements stated in §§ 3513.05 and 3513.257 violated the First and Fourteenth Amendments, the Americans with Disability Act, and the Voting Rights Act. (*Id.* at 3.)[2] In relevant part, Plaintiff alleged Ohio's ballot access laws unduly burdened independent candidates. (*Id.*) He sought a declaratory judgment on the constitutionality of §§ 3513.05 and 3513.257 and an injunction placing him on the ballot as an independent candidate. (*Id.*)

On May 16, 2024, Defendant LaRose moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Shabazz I*, No. 24-cv-604 (N.D. Ohio May 16, 2024) (Doc. 5). The Court dismissed the action for failure to state a claim and denied the request for a preliminary injunction. *Shabazz I*, No. 1:24-cv-604, 2024WL 3567706, 2024 U.S. Dist. LEXIS 132895, at *7-15 (N.D. Ohio July 29, 2024).

### B. The Present Action

Now in 2026, Plaintiff seeks to appear on this year's general election ballot as an independent candidate for Cuyahoga County Executive. (Doc. 6 ¶ 4.)[3] Cuyahoga County is one

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[3] Citations to the initial Complaint and First Amended Complaint are to the paragraph number

of only two Ohio counties with an elected county executive. (*Id.* ¶ 12; *see also* Doc. 13 at 63.) Section 3513.257 requires candidates to obtain signatures from one percent of all votes cast in the county in the most recent gubernatorial election. So, Plaintiff needed to obtain 4,164 signatures to appear on the ballot. (Doc. 1 ¶ 10.) Across multiple weeks, he attempted to gather the required signatures before the May 4, 2026 deadline to file his nominating petition. (*Id.* ¶¶ 13, 15.)

The day his nominating petition was due, Plaintiff filed this action *pro se* and sought a temporary restraining order ("TRO") and preliminary injunction directing Defendants to accept Plaintiff's nominating petition and place his name on the ballot. (Doc. 1.) He also asked the Court to declare §§ 3513.05 and 3515.257 unconstitutional. (*Id.* at 10.) While these requests were pending, Plaintiff timely submitted his nominating petition to the BOE. (Doc. 6 ¶ 7.) The petition contained only 1,650 signatures. (*Id.*) On May 11, 2026, the BOE notified Plaintiff that only 1,030 signatures were validated. (*Id.* ¶ 8.) The petition was invalid because it did not satisfy the 4,164-signature threshold. (*Id.* ¶ 8.) The BOE demanded Plaintiff withdraw his candidacy by June 1, 2026, or face removal from the ballot at a BOE meeting scheduled for June 16, 2026. (*Id.* ¶ 9.) Plaintiff responded in writing, declining to withdraw his candidacy. (*Id.*)

Defendant LaRose moved to dismiss this action on June 4, 2026. (Doc. 5.) On June 6, 2026, Plaintiff filed his First Amended Complaint (hereinafter "Complaint"), adding the BOE as a defendant and revising the factual allegations. (Doc. 6.) On June 15, 2026, the Court denied the request for a TRO and ordered Defendants to respond to the preliminary injunction request. Two days later, Plaintiff moved for clarification and reconsideration of that order. (Doc. 11.) On June 29, 2026, Defendant LaRose moved to dismiss the Complaint under Rule 12(b)(1),

---

assigned therein.

asserting the Eleventh Amendment deprives the Court of jurisdiction, and Rule 12(b)(6). (Doc. 13.) The BOE did not move to dismiss the case but filed a response to Plaintiff's request for injunctive relief asserting Eleventh Amendment immunity. (Doc. 14.) Plaintiff opposed the motion to dismiss and replied to Defendants' opposition to injunctive relief. (Doc. 15.) Defendant LaRose replied. (Doc. 17.)

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal courts are courts of limited jurisdiction and may only decide disputes as authorized by the Constitution and federal statutes. *Badgerow v. Walters*, 596 U.S. 1, 7, 142 S. Ct. 1310, 212 L.Ed.2d 355 (2022).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction. Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Mackinac Ctr. for Pub. Pol'y v. U.S. Dep't of Educ.*, 175 F.4th 692, 699 (6th Cir. 2026). A facial attack argues the allegations in the complaint fail to invoke federal jurisdiction, while a factual attack disputes the truth of the allegations that would invoke federal jurisdiction. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Plaintiff bears the burden of establishing jurisdiction. *Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). When the plaintiff fails to meet this burden, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6) motions challenge the legal sufficiency of the claims presented. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citation modified). In deciding a Rule 12(b)(6) motion, "[a]ll

factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The plaintiff must plead "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The claim must be plausible, meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court need not accept legal conclusions as true. *Id.*

*Pro se* filings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L.Ed.2d 551, (1982) (per curiam). But such liberal construction is not without limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction does not "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

### B. Eleventh Amendment

Defendants assert Eleventh Amendment immunity. (Doc. 13 at 64-66, Doc. 14 at 75.) The Eleventh Amendment generally bars lawsuits against states and state officials in their official capacity. *See Seminole Tribe of Fla. v. Florida.*, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996); *T.M. v. DeWine*, 49 F.4th 1082, 1087 (6th Cir. 2022). When it applies, Eleventh Amendment immunity deprives courts of jurisdiction. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). Thus, "a state seeking to assert sovereign immunity as a

threshold defense will move to dismiss under Rule 12(b)(1)." *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023).

The Supreme Court recognized a notable exception to state sovereign immunity in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908). "In order to fall within the *Ex parte Young* exception, a claim must seek prospective relief to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *MacDonald v. Vill. of Northport*, 164 F.3d 964, 970-72 (6th Cir. 1999)). Prospective relief can include declaratory or injunctive relief. *Mikel v. Quin*, 58 F.4th 252, 256 (6th Cir. 2023). The suit may not seek retroactive relief, which seeks to "compensate[] the plaintiff for a past violation of his legal rights" rather than prevent future violations. *Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir. 1994).

Notably, the plaintiff must sue a state official, not the state itself. *Puckett v. Lexington-Fayette Urb. Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016). When a complaint against a state official alleging an ongoing violation of federal law properly characterizes the relief sought as prospective, the suit falls within *Ex parte Young*. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L.Ed.2d 871 (2002).

Defendant LaRose is a state official being sued in his official capacity. The *Ex parte Young* exception applies to him. However, the *Ex parte Young* exception permits suits against officials, not agencies. *See Puckett*, 833 F.3d at 598; *Beiersdorfer v. LaRose*, No. 4:19-CV-260, 2020 WL 2085140, 2020 U.S. Dist. LEXIS 76010, at *24-25 (N.D. Ohio Apr. 30, 2020) (finding county board of elections immune), *aff'd,* No. 20-3557, 2021 WL 3702211, 2021 U.S. App. LEXIS 24988 (6th Cir. Aug. 20, 2021); *Hunter v. Hamilton Cnty. Bd. of Elections*, 850 F. Supp. 2d 795, 801 (S.D. Ohio 2012) ("[T]he Board functions as an arm of the State and is entitled

to Eleventh Amendment immunity."). For this reason, the *Ex parte Young* exception does not apply to the BOE, and Eleventh Amendment immunity bars Plaintiff's claim.[4]

Defendant LaRose argues Plaintiff's action falls outside of the *Ex parte Young* exception because it seeks retroactive relief. (Doc. 13 at 66.) Plaintiff's desired relief amounts to an order unwinding the BOE's decision not to place him on the ballot, Defendant LaRose urges. (*Id.*) This argument mischaracterizes the relief sought.

Although no controlling Sixth Circuit decision addresses this issue, courts routinely hold that an injunction placing a candidate on a ballot is prospective relief sufficient to invoke the *Ex parte Young* exception. *See, e.g.*, *MacBride v. Exon*, 558 F.2d 443, 447 (8th Cir. 1977) (suit to place Libertarian Party candidate on election ballot fell within *Ex parte Young*'s exception); *Bogaert v. Land*, 572 F. Supp. 2d 883, 892-93 (W.D. Mich. 2008) (suit to restore stricken signatures and place recall of a representative on the ballot fell within *Ex parte Young* even though doing so required overturning a past action); *Kay v. Mills*, 847 (E.D. Ky. 1980) (Eleventh Amendment did not bar action seeking to have candidate's name placed on ballot); *cf. also Moore v. Johnson*, No. 14-11903, 2014 WL 4924409, 2014 U.S. Dist. LEXIS 70951 , at *27 (E.D. Mich. May 23, 2014) (ordering candidate suing secretary of state to be placed on the ballot).

Defendant LaRose directs the Court's to *Committee to Impose Term Limits on the Ohio Supreme Court & to Preclude Special Legal Status for Members & Employees. of the Ohio General Assembly v. Ohio Ballot Board*, 275 F. Supp. 3d 849 (S.D. Ohio 2017), *aff'd sub nom. Committee to Impose Term Limits on Ohio Supreme Court & to Preclude Special Legal*

---

[4] Although the Board did not formally move to dismiss the suit, it invoked Eleventh Amendment Immunity. (*See* Doc. 14.) The Court may also "*sua sponte* raise the issue of lack of jurisdiction because of the applicability of the [E]leventh [A]mendment." *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

*Status for Members & Employees of Ohio General Assembly v. Ohio Ballot Board.*, 885 F.3d 443 (6th Cir. 2018). That case is inapposite. There, plaintiffs sought declaratory and injunctive relief against election officials but did not seek to place the disputed initiative on the ballot. *Id.* at 854. Here, Plaintiff's requested relief includes an order placing his name on a future election ballot. Although it may undo a past action, an order to place Plaintiff on the ballot is necessarily prospective—it "compels the state officers' compliance with federal law in the future." *Doe*, 21 F.3d at 737.

The Eleventh Amendment does not bar Plaintiff's claims against Defendant LaRose, but it does bar Plaintiff's claims against the BOE.

**C. First and Fourteenth Amendment Claims**

Plaintiff alleges §§ 3513.05 and 3513.257 violate the First and Fourteenth Amendments. The Court dismissed constitutional challenges to the same statutes in *Shabazz I*. Defendant is correct that the reasoning in *Shabazz I* is dispositive here.

Ballot-access restrictions are subject to the *Anderson-Burdick* balancing test. *Hawkins v. DeWine*, 968 F.3d 603, 605 (6th Cir. 2020) (citing *Burdick v. Takushi*, 504 U.S. 428, 433, 112 S. Ct. 2059, 119 L.Ed.2d 245 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 788, 103 S. Ct. 1564, 75 L.Ed.2d 547 (1983)); *Kishore v. Whitmer*, 972 F.3d 745, 749 (6th 2020). Courts first must determine the burden imposed on the plaintiff's First Amendment rights. *Hawkins*, 968 F.3d at 605. If that burden is severe, then strict scrutiny applies. *Id.* When the "rights are subjected only to reasonable, nondiscriminatory restrictions," rational-basis review applies, and "the State's important regulatory interests are generally sufficient to justify the restriction." *Id.* (citation modified).

As the Court noted in *Shabazz I*, rational basis review applies to statutes requiring independent candidates to obtain more signatures than partisan candidates—including to §§ 3513.05 and 3513.257. *Shabazz I*, 2024 U.S. Dist. LEXIS 132895, at *9-10 (collecting cases). In *Miller v. Lorain County Board of Elections*, the Sixth Circuit upheld Ohio's signature requirements under the *Anderson-Burdick* framework. 141 F.3d 252, 257-58 (6th Cir. 1998). In light of the state's legitimate interests, including preserving the electoral process and regulating the number of candidates to avoid voter confusion, the burden imposed by the increased signature requirement was "not so burdensome as to render it unconstitutional." *Id.* at 258. Another court in this District followed suit. *See Phillips v. Lorain Cnty. Bd. of Elections*, No. 1:16-CV-1689, 2016 WL 8224361, 2016 U.S. Dist. LEXIS 206844 (N.D. Ohio Sep. 16, 2016). Applying *Miller*, that court upheld the application of § 3513.257 in countywide judicial elections. at *7-9. *Miller* remains controlling law, and its reasoning applies with equal force to this action.

Plaintiff fails to sufficiently distinguish this action from *Shabazz I*. He argues that the disparity in signatures required by partisan candidates was only five times greater in *Shabazz I*, while it is 83 times higher here. (Doc. 15 at 82.) This argument finds no support in Sixth Circuit precedent. *Miller* did not adopt a ratio-based approach when assessing the magnitude of the asserted injury. *See Miller*, 141 F.3d at 257. Regardless, the Sixth Circuit has upheld ratios higher than the 83-to-1 ratio identified by Plaintiff. *Anderson v. Mills*, 664 F.2d 600, 607 (6th Cir. 1981). Though predating the *Anderson-Burdick* framework, *Anderson* affirmed the constitutionality of a statute requiring independent candidates to obtain 5,000 signatures to access the general election ballot and partisan candidates to obtain only two signatures to access the primary election ballot—a ratio of 2,500-to-1. *Id*. Moreover, the United States Supreme

Court upheld a statute requiring independent candidates to obtain signatures from a larger percentage of the electorate than Ohio law demands. *See Jenness v. Fortson*, 403 U.S. 431, 442, 91 S. Ct. 1970, 29 L.Ed.2d 554 (1971) (upholding Georgia law requiring independent candidates to obtain signatures from at least five percent of the number of registered voters in the last election for the office in question). The fact that only one candidate ran for Cuyahoga County Executive in either party's primary is likewise of no consequence. The differences between the 2024 and 2026 election may alter the factual circumstances, but they do not alter the constitutionality of Ohio's ballot access laws.

As in *Shabazz I*, Plaintiff has not presented a plausible claim that §§ 3513.05 and 3513.257 violate the First or Fourteenth Amendments.

## III. CONCLUSION

For the foregoing reasons, Defendant Frank LaRose's Motion to Dismiss (Doc. 13) is GRANTED, and Eleventh Amendment immunity bars Plaintiff Tariq Shabazz's claims against the Cuyahoga County Board of Elections. This action is DISMISSED. All pending motions are DENIED as moot.

**IT IS SO ORDERED.**

**Date**: October 16, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE